IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CASSONDRA CASORIO-SAHIN, et al.  *

    Plaintiffs,   *

            v.   *   Civil Action No. RDB-18-0851

PAT'S SELECT PIZZA & GRILL   *
LLC, et al.,
       *
    Defendants.
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM & ORDER**

Plaintiffs, Cassondra Casorio-Sahin ("Casorio-Sahin"), Andres Quintana ("Quintana"), and Jonathan Thomas ("Thomas"), bring this putative class action against Pat's Select Pizza & Grill LLC ("Pat's Select"), Pat's Select Pizza & Grill of Cockeysville, MD, LLC ("Pat's Cockeysville"), Pat's Select Pizza & Grill of Severn, LLC (Pat's Severn"), Pat's Pizza of North East, Inc. ("Pat's Northeast"), Pat's Pizzeria of Aberdeen, LLC ("Pat's Aberdeen"), Pat's Pizza of Oxford, LLC ("Pat's Oxford"), Apostolos' Pizzerias, Inc. ("Apostolos"), "John Doe" Restaurants, Apostolos Kalaitzoglou ("Kalaitzoglou"), and Dimitri Tangalidis ("Tangalidis") (collectively, "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, Maryland Wage and Hour Law ("MWHL"), codified at Md. Code Ann., Labor & Emp. § 3-401 *et seq.*,[1] Maryland Wage Payment and Collection Law ("MWPCL"), codified at Md. Code Ann., Labor & Emp. § 3-501 *et seq.*, Pennsylvania Minimum Wage Act

---

[1] "The requirements under the MWHL mirror those of the federal law; as such, Plaintiffs' claim under the MWHL stands or falls on the success of their claim under the FLSA." *Turner v. Human Genome Science, Inc.*, 292 F. Supp. 2d 738, 744 (D. Md. 2003).

("PMWA"), codified at Pa. Cons. Stat. § 333.101 *et seq.*,[2] and Pennsylvania Wage Payment and Collection Law ("PWPCL"), codified at Pa. Cons. Stat. § 260.1 *et. seq.* (Compl., ECF No. 1.) Plaintiffs allege that Defendants failed to pay the minimum wage, overtime, and expense reimbursement as required by the law.

Currently pending before this Court are two dismissal motions: (1) Defendants, Pat's *Select Pizza & Grille of Severn, LLC*, and Pat's Pizza of Oxford, LLC's Motion to Dismiss (ECF No. 18); and (2) Defendants, Pat's Select Pizza & Grill, LLC, Pat's Pizzeria of Aberdeen, LLC, Pat's Select Pizza & Grill of Cockeysville, MD, LLC, and Apostolos' Pizzerias, Inc.'s, Motion to Dismiss (ECF No. 19). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, Defendants' motions shall be DENIED.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Plaintiffs allege that Kalaitzoglou and Tangalidis own, control, or operate a chain of restaurants commonly known as Pat's Select Pizza & Grill, and similar restaurants, located in Maryland and Pennsylvania. (ECF No. 1 at ¶ 1.) Plaintiffs also allege that all the Defendants operate as an integrated enterprise, with joint advertisements, the same website, same logos and trademarks, and marketing the same foods and services. (*Id.*

---

[2]  Pennsylvania courts have looked to federal law regarding the FLSA for guidance in applying the PMWA. *See Commonwealth v. Stuber*, 822 A.2d 870, 873 (Pa. Cmwlth. Ct. 2003), *aff'd*, 580 Pa. 66, 859 A.2d 1253 (2004) (applying "federal case law" regarding the FLSA to a PMWA claim).

2

at ¶ 3.) The Plaintiffs are hourly wage employees who have primarily worked either as delivery drivers or in the kitchen. (*Id.* at ¶ 10.) Plaintiffs allege that they were not paid in accordance with federal and state laws and seek to recover the wages and other damages to which they are entitled under the FLSA and applicable state statutes.

In brief, some of the Plaintiffs' specific complaints include:

- They were not paid the applicable minimum wage when performing work that was not subject to tipping by patrons, such as sweeping floors, cleaning pans, folding pizza boxes, and painting;

- They personally incurred expenses such as uniform shirts and car and cellphone use for which they were not reimbursed;

- They have not been paid time and a half for overtime hours; and

- They were not informed of minimum wage or tip credit requirements and policy.

(ECF No. 1 at ¶¶ 11-18.) Casorio-Sahin alleges that she was employed at Pat's Northeast. (*Id.* at 11.) Quintana alleges that he was employed primarily at Pat's Northeast and also sometimes worked for Pat's Select in Elkton. (*Id.* at 13.) Thomas alleges that he was employed at Pat's Northeast and also at Pat's Oxford. (*Id.* at 14.) Plaintiffs add that delivery drivers at the Northeast location have been tasked to help with deliveries and other needs at the Oxford location, and employees from Elkton and the Northeast locations have often filled in at Oxford. (*Id.* at 5.) Also, sometimes employees from Oxford worked at Aberdeen, Northeast and Pasadena locations. (*Id.*)

Pat's Select, Pat's Aberdeen, Pat's Cockeysville, Apostolos, Pat's Severn, and Pat's Oxford, (the "Moving Defendants") move to dismiss the complaint for failure to state a claim against them, specifically that Plaintiffs have failed to adequately allege an employer

3

relationship with them and therefore lack standing to assert the claim against the corporate entities. (ECF Nos. 18, 19.) However, because Plaintiffs have adequately alleged facts, all of which are accepted as true at this stage of the litigation, sufficient to create a plausible inference that Moving Defendants qualify as a joint employer with the non-moving Defendants, Defendants motions shall be DENIED.

## STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The United States Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), require that complaints in civil actions be alleged with greater specificity than previously was required. While a court must accept as true all factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Iqbal*, 556 U.S. at 678. A complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted).

## ANALYSIS

The FLSA conditions liability on the existence of an employer-employee relationship. *See* 29 U.S.C. § 206(a). The Act's definition of "employer" is expansive, as it "includes any person acting directly or indirectly in the interest of an employer in relation to an employee. *Id.* § 203(d); *Falk v. Brennan*, 414 U.S. 190, 195 (1973) (noting the "expansiveness of the

4

[FLSA's] definition of 'employer'"). An entity "employs" an individual if it "suffer[s] or permit[s]" the individual to work." 29 U.S.C. § 203(g). In "joint employment" situations, all employers "are responsible, both individually and jointly, for compliance" with the FLSA. 29 C.F.R. § 791.2(a). "A determination of whether the employment by the employers is to be considered joint employment or separate and distinct employment for purposes of the act depends upon all the facts in the particular case." *Id.*

Defendants have placed great emphasis on the joint employment analysis in *Roman v. Guapos III, Inc.*, in which Judge Chasanow of this Court used the Ninth Circuit's four *Bonnette*[3] factors to determine whether the plaintiffs had standing as related to specific defendants based on there being an employee-employer relationship. 970 F. Supp. 2d, 414-15 (D. Md. 2013). However, the United States Court of Appeals for the Fourth Circuit has subsequently rejected the *Bonnette* factors analysis and stated that "district courts should not follow *Bonnette* and its progeny in determining whether two or more persons or entities constitute joint employers for purposes of the FLSA." *Salinas v. Commercial Interiors, Inc.*, 848 F.3d 125, 139 (4th Cir. 2017). Judge Chasanow has acknowledged that *Salinas* is now the operative standard for joint employer analysis. *See Lora v. Ledo Pizza System, Inc.*, Civil Action No DKC 16-4002, 2017 WL 3189406, at *5-6 (D. Md. 2017) (using the *Salinas* factors and finding the allegations sufficient for surviving a dismissal motion). This Court shall follow suit.

The Fourth Circuit developed a six-factor test to be used when analyzing whether an alleged employer is a "joint employer" for purposes of the FLSA. *Salinas*, 848 F.3d at 141-42.

---

[3] *Bonnette v. Calif. Health & Welfare Agency*, 704 F.2d 1465 (9th Cir. 1983).

The Fourth Circuit held, in the context of reviewing a summary judgment case, that courts should consider:

> (1) Whether, formally or as a matter of practice, the putative joint employers jointly determine, share, or allocate the power to direct, control, or supervise the worker, whether by direct or indirect means;
>
> (2) Whether, formally or as a matter of practice, the putative joint employers jointly determine, share, or allocate the power to—directly or indirectly—hire or fire the worker or modify the terms or conditions of the worker's employment;
>
> (3) The degree of permanency and duration of the relationship between the putative joint employers;
>
> (4) Whether, through shared management or a direct or indirect ownership interest, one putative joint employer controls, is controlled by, or is under common control with the other putative joint employer;
>
> (5) Whether the work is performed on a premises owned or controlled by one or more of the putative joint employers, independently or in connection with one another; and
>
> (6) Whether, formally or as a matter of practice, the putative joint employers jointly determine, share, or allocate responsibility over functions ordinarily carried out by an employer, such as handling payroll; providing workers' compensation insurance; paying payroll taxes; or providing the facilities, equipment, tools, or materials necessary to complete the work.

*Id.* The Court emphasized that the six factors were not an exhaustive list of all potentially relevant considerations. *Id.* at 142. The inquiry is fact-specific, must be based on all the circumstances, and is focused on whether two or more entities are "not completely disassociated" with respect to a worker's entire employment. *Id.*

In this case, Plaintiffs' claim of joint employment is not so lacking in factual allegations that it cannot survive a dismissal motion. For example, Plaintiffs allege that the Defendants

6

operate in support of and in coordination with each other, delivery drivers are tasked to help with deliveries at other locations, short cooks at one location fill in at other locations, supplies are transferred between locations, the restaurants are subject to common control and unified operations, and Kalaitzoglou and Tangalidis jointly set wage, compensation, work-hour and other policies for the operations of all the restaurants. (ECF No. 1 at ¶¶ 4-8.) Plaintiffs allege that Kalaitzoglou and Tangalidis control all the entity Defendants, employ staff at each location, move staff across locations, coordinate the restaurant activities, and the locations share technology. (ECF No. 1 at ¶¶ 2, 4, 18, 25.) These allegations are sufficient to create an inference that the Moving Defendants may be "not completely disassociated" with respect to the Plaintiffs as workers such that they share responsibility for the worker's employment. *See Salinas*, 848 F.3d at 140.

Importantly, at this early stage of the litigation, this Court declines to conduct a detailed factor-by-factor analysis given that the question of joint employer status is essentially a fact-intensive issue best addressed after the parties have had an opportunity to uncover facts through discovery to support or refute the Plaintiffs' claim. In instances where courts have dismissed an FLSA claim premised on joint employment on a motion to dismiss, the plaintiff failed to allege <u>any</u> facts to support an inference that the defendant had any control over the employment relationship. *See, e.g., Al-Quraan v. 4115 8th St. NW, LLC*, 113 F. Supp. 3d 367, 370 (D.D.C. 2015) (rejecting assertion of employer or joint employer status where there were "no allegations that [the defendant] had any involvement in managing employee work schedules or conditions of employment, maintained any employment records, or had the power to hire and fire Plaintiff or any other employees"); *Attanasio v. Comm. Health Sys., Inc.*,

7

863 F. Supp. 2d 417, 425-26 (M.D. Pa. 2012) (dismissing FLSA claim because the plaintiffs had not provided facts that would raise the plaintiff's claim of defendant's status as a joint employer "above a speculative level" because pleadings lacked "operative details" regarding the defendant's alleged authority over and supervision of the plaintiffs).

Further, no element or factor of the test is outcome-determinative so the failure to allege any particular fact does not require dismissal. Moving Defendants' averral of certain facts, such as Pat's Severn never hiring any workers, is likewise unavailing. Of course, this case may well appear entirely different when viewed in light of evidence as distinct from mere allegations viewed in the light most favorable to Plaintiffs. Ultimately, Plaintiffs may fail to meet their burden of proving that the Moving Defendants were joint employers, but they have plausibly suggested it, sufficient to survive these dismissal motions.

## CONCLUSION

For the foregoing reasons,

1. Defendants, Pat's Select Pizza & Grille of Severn, LLC, and Pat's Pizza of Oxford, LLC's Motion to Dismiss (ECF No. 18) is DENIED.
2. Defendants, Pat's Select Pizza & Grill, LLC, Pat's Pizzeria of Aberdeen, LLC, Pat's Select Pizza & Grill of Cockeysville, MD, LLC, and Apostolos' Pizzerias, Inc.'s, Motion to Dismiss (ECF No. 19) is DENIED.

Dated: March 13, 2019.

_____
Richard D. Bennett
United States District Judge