IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CASSONDRA CASORIO-SAHIN,** *et al., as individuals and on behalf of all other similarly situated persons*, | * * | |
| Plaintiffs, | * | Civil Action No. RDB-18-0851 |
| v. | * | |
| **PAT'S SELECT PIZZA & GRILL LLC,** *et al.*, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER APPROVING GLOBAL SETTLEMENT OF ALL CLAIMS AND ENTERING LOCAL RULE 111 ORDER OF DISMISSAL, WITH PREJUDICE

The Court has reviewed the Motion to Approve Global Settlement of All Claims and Enter Order of Dismissal, With Prejudice (ECF No. 106) and all exhibits, as well as any other necessary or appropriate materials, and finds and holds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). Furthermore, the Court has separately and independently reviewed the proposed settlement or settlements on the merits, including without limitation the three accepted offers pursuant to Rule 68 of the Federal Rules of Civil Procedure. The Court further finds that good cause has been shown under Local Rule 604 to suspend the application of Local Rule 109.2.b and Appendix B.

The Court finds and holds that there is a bona fide dispute and the proposed settlement or settlements on the merits reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights. Furthermore, the Court has separately and independently reviewed the proposed attorney fee payments and has utilized subjective factors as well as

Lodestar figures of the Local Rules of this Court. After considering all relevant factors, including without limitation, the degree of success obtained, the reasonableness of the amount, and whether there was collusion or diversion, the Court finds that the attorneys' fee payments are fair, reasonable, free of collusion, free of diversion, and free of the taint of conflict of interest.

The Court has separately and independently reviewed the proposed payment of costs and finds and holds that the costs were fair and reasonable. The Settlement Agreement provides for certain funds to be paid after approval of the settlement agreements by this Court and Local Rule 111 authorizes orders of dismissal in accordance with the terms of Local Rule 111. Furthermore, the parties have advised the Court that two plaintiffs are over age 40 and are releasing claims under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA"). Under the ADEA, certain statutorily-provided rights may extend the time necessary to consummation of the settlement until after expiration of certain time periods prescribed by the ADEA. The parties have advised the Court, stipulated and agreed that the foregoing time periods will expire on July 29, 2020. Finally, the agreement of the parties provides for consummation of the settlement within fifteen days after that expiration or the entry of this Order, whichever is later.

ACCORDINGLY, IT IS THIS 17TH DAY OF JULY, 2020 ORDERED THAT:

1. The Motion to Approve Global Settlement of All Claims and Enter Order of Dismissal, With Prejudice (ECF No. 106) be, and the same hereby is, GRANTED;

2. The Settlement Agreement attached as Exhibit A to the Motion to Approve Global Settlement of All Claims and Enter Order of Dismissal, With Prejudice be, and the same hereby is, APPROVED;

3. Pursuant to Local Rule 111, this case, cause, action, and all claims contained therein, is DISMISSED, WITH PREJUDICE, WITH EACH PARTY TO BEAR ITS OWN COSTS EXCEPT AS EXPRESSLY PROVIDED IN EXHIBIT A, without prejudice to the right of a party to move for good cause to reopen the case within 90 days, if the settlement is not consummated;

4. The Clerk of this Court is instructed to CLOSE THIS CASE; and

5. A copy of this Order shall be transmitted to counsel via CM/ECF.

_____/s/_____
Richard D. Bennett
United States District Judge